**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE INC., a Delaware Corporation : : : Plaintiff, : : v. : : OKHEE DREAMS LLC, a Utah Limited Liability Company, and CHANG SAN YU, an individual : : : : : Defendants. : : | Civil Action No. 12-5146 (ES) (CLW) OPINION & ORDER |

**SALAS, District Judge**

This action comes before the Court on the motion of Plaintiff Ramada Worldwide Inc., ("Ramada" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiff's submission (D.E. No. 6), and it appearing that:

1. Plaintiff commenced this civil action on August 15, 2012. (*See* D.E. No. 1).

2. Despite diligent efforts by Recon Management Group ("RCM") to effectuate personal service, RCM was unable to locate Okhee Dreams, LLC and Chang San Yu (collectively, "Defendants"). (*See* D.E. No. 6-2, Exs. A & B).

3. Defendant Okhee Drams, LLC and Chang San Yu were served with a copy of the Summons and Complaint via certified and regular mail pursuant to New Jersey Court Rule 4:4-4(b)(1)(C) on September 10, 2012. (*See* D.E. No. 6-2, Ex. C).

4. The time for answering the Complaint has expired, and Defendants have not been granted an extension of time within which to answer and have failed to interpose an

answer or otherwise respond to the Complaint.

5. On October 8, 2012, Ramada sent the Clerk of Court a letter requesting that default be entered against Defendants Okhee Dreams, LLC and Chang San Yu. (*See* D.E. No. 4).

6. On October 9, 2012, the Clerk of Court entered default as to Defendants Okhee Dreams, LLC and Chang San Yu.

7. On November 21, 2012, Plaintiff filed the present motion seeking default judgment against Defendants Okhee Dreams, LLC and Chang San Yu. (*See* D.E. No. 6). Ramada has provided the Defendants with notice of the motion for default judgment and related documentation. (*See* D.E. 6-2).

8. To date, Defendants Okhee Dreams, LLC and Chang San Yu have not opposed Ramada's motion for default judgment. Thus, the Court accepts the allegations of the Complaint as true and admitted by the Defendants. *See Knights Franchise Sys., Inc. v. Gauri Shivam LLC*, No. 10-5895, 2011 U.S. Dist. LEXIS 77650, at *6 (D.N.J. July 18, 2011). For that reason, the Court finds that Ramada's allegations establish breach of a license agreement. Plaintiff's allegations further demonstrate that Plaintiff is entitled to the attorneys' fees and costs that have been incurred as a result of having to enforce its interests.

9. Therefore, this Court concludes that entry of default judgment against Defendants Okhee Dreams, LLC and Chang San Yu is warranted for the following two reasons. First, Defendants Okhee Dreams, LLC and Chang San Yu are culpable because they have not proffered a meritorious defense in response to Ramada's claims. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 U.S. Dist. LEXIS 71738,

at *4-5 (D.N.J. Sept. 8, 2008) (stating that defendants "are presumed culpable where they have failed to answer, move or otherwise respond"). Second, Ramada has suffered economic loss as a result of Defendants Okhee Dreams, LLC's and Chang San Yu's failure to respond and will continue to suffer if Plaintiff's motion for default judgment is not granted.

Accordingly, IT IS on this 13th day of March, 2013,

**ORDERED** that judgment is entered against Defendants Okhee Dreams, LLC and Chang San Yu, jointly and severally, in favor of Ramada in the amount of $988,916.26. The total amount of $989,695.96 is comprised of the following amounts:

1. $339,323.75 for recurring fees (principal plus prejudgment interest) (*see* Aff. of Suzanne Fenimore in Support of Motion for Entry of Final Judgment by Default As To Defendants Okhee Dreams LLC and Chang San Yu ("Fenimore Aff."), D.E. No. 6-3, ¶ 36; Ex. G);
2. $263,500.00 for liquidated damages (*id.* ¶ 41-43);
3. $77,190.30 for liquidated damages prejudgment interest calculated at the legal rate of 1.5% per month from July 28, 2011 through March 13, 2013 (*id.* ¶ 44);
4. $303,418.98 for Lanham Act damages (*id.* ¶ 45); and
5. $6,262.93 for attorneys' fees and costs (*id.* ¶ 47).

**ORDERED** that beyond the date of this Final Judgment, post-judgment interest with respect to liquidated damages and recurring fees will continue to accrue at that rate allowed by law until the Judgment is paid in full.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
